ESTATE OF JEAN PIERRE RICAUD, DECEASED (No. 2).

[No. 7,754 former Probate Court; decided February 5, 1887.]

The Widow can Claim to Own an Undivided Half Only of Such Property as is distributed in kind. If she receive one-half of the community property, her right as survivor is satisfied.

Executors are Entitled to have the Costs of an Appeal Allowed them in their account, the prosecution of which is necessary to obtain a final determination of their rights in relation to commissions.

On October 20, 1885, Maria Ricaud, widow of the above-named decedent, died intestate, and A. P. Needles was thereafter appointed administrator of her estate.

On August 2, 1886, the administrator filed a petition for distribution herein.

Decedent herein, by his will, left the sum of $5,000 to his widow, and the sum of $2,000 to her daughter by a previous marriage.

Before distribution herein this daughter also died, and Selden S. Wright was appointed administrator of her estate.

On September 8, 1886, the executors filed a supplemental account, containing a charge of $45.10 for costs expended on appeal (affirmed against them, 70 Cal. 69, 11 Pac. 471) from an order made by the court, refusing to allow them commissions on property inventoried as part of the estate, but afterward judicially determined not to belong to it (see Estate of Ricaud, ante, p. 212).

This item was objected to by the administrator of the widow, as arising out of an appeal taken by the executors for their exclusive benefit.

The estate left by decedent was community property. The executors had, under order of court, sold a saloon for $2,000, which had been specifically bequeathed by the testator to his brother, Michael Ricaud, and the executors had paid said legatee the full proceeds.

The administrator of the widow now claimed that as this saloon was community property the testator could only bequeath one-half of it, and that the legatee was only entitled to one-half the proceeds.

The contention of the executors was that the widow had already received more than one-half of the estate in money on partial distribution, and that the bequest by the husband of a specific piece of his estate does not make the legatee a cotenant with the widow; that "the widow has the right to claim any other portion equal in value to that which the husband has given, but has not the right to claim the half of the specific piece, so long as she receives the half of the entire estate."

They further maintained that even if, as claimed by counsel for contestants, the widow is entitled to an undivided one-half of all the community property, this is only the rule when the property is distributed in kind, and that it cannot be the rule when the property, or the bulk thereof, is converted into money, and the widow receives, in money, one-half of the whole estate as its money value.

"If the entire estate is converted into money, all that the widow can receive is one-half of the money. She cannot, after having received that one-half, claim that she is entitled to a portion of the very estate or its proceeds, out of which the money received by her was realized."

Jarboe & Harrison, for executors.

H. A. Powell and A. P. Needles, for administrator of widow.

Selden S. and Geo. T. Wright, for administrator of widow's daughter.

COFFEY, J. The final brief in this matter was filed November 29, 1886, which should be considered the date of actual submission of the controversy.

1. The theory of the contestants' counsel does not fit the facts in this case. If I correctly apprehend the respective arguments of counsel, the position assumed by the executors is the true legal one. "The widow can claim to own an undivided half only of such property as is distributed in kind, and then only after distribution." If she have received one-half of the community property her right as survivor is satisfied.

Exception and objection denied and overruled.

2. The prosecution of the appeal seems to have been necessary to obtain a final judicial determination of the rights and duties of the executors.

Exception and objection denied and overruled. Account allowed.